IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ALLAN SCOTT FISHER, # 29196-080**                                                                **PETITIONER**

**VERSUS**                                                          **CIVIL ACTION NO. 5:13cv127-DCB-MTP**

**WARDEN N. MARTIN**                                                                                 **RESPONDENT**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte*. *Pro se* Petitioner Allan Scott Fisher, filed this Petition [1] for Writ of Habeas Corpus under 28 U.S.C. § 2241. He is presently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi and attacks his conviction for possession of at least five grams of crack cocaine with intent to distribute. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

BACKGROUND

On August 23, 2013, Petitioner filed the instant habeas Petition challenging his conviction handed down from the Western District of Texas. He was convicted by a jury of possession with intent to distribute at least five grams of crack cocaine. On June 27, 2007, that court sentenced him to 360 months in the custody of the Federal Bureau of Prisons. The Fifth Circuit Court of Appeals affirmed the conviction. *United States v. Fisher*, 294 F. App'x 941, 943 (5th Cir. Oct. 2, 2008). On November 30, 2009, Petitioner filed his first 28 U.S.C. § 2255 Motion to Vacate. It was initially denied by the district court, but the Fifth Circuit remanded the case for an evidentiary hearing on whether counsel was ineffective for failing to object to an allegedly biased juror, who was the boss of Petitioner's estranged wife. *United States v. Fisher*, 480 F. App'x 781, 781 (5th Cir. June 18, 2012). The hearing was held on September 22, 2011.

After the hearing the district court again denied relief. *Id.* at 782. This time, the Fifth Circuit affirmed the denial on June 18, 2012. In the meantime, on June 6, 2012, Petitioner filed a second Section 2255 motion, challenging the district court's subject matter jurisdiction over the original criminal case. The district court denied it as successive on June 15. This denial is currently on appeal to the Fifth Circuit in *United States v. Fisher*, No. 12-50863.

## DISCUSSION

Petitioner now invokes Section 2241 and claims he was wrongfully convicted because the juror allegedly discussed the case with Petitioner's estranged wife during the trial. Petitioner claims he did not discover this until the evidentiary hearing, which was held on September 22, 2011, on his original Section 2255 motion.

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to Section 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). By contrast, a motion filed pursuant to Section 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to Section 2255. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Petitioner's claim that he was wrongfully convicted because of juror misconduct does not challenge the execution of Petitioner's federal sentence but instead attacks the validity of his sentence. Since the alleged constitutional violation "occurred at or prior to sentencing," it is not properly pursued in a Section 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson*

*v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002).  To meet the stringent "inadequate or ineffective" requirement, the Fifth Circuit holds:

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective to test the legality of his detention.  *Id.* at 901.

Petitioner does not invoke the savings clause.  He points to no Supreme Court case and does not contend that this argument was previously foreclosed by Fifth Circuit law.  Accordingly, Petitioner's claim is not properly pursued under Section 2241, and the Petition shall be dismissed as frivolous.  To the extent the Petition can be construed as a Section 2255 motion, it shall be dismissed for lack of jurisdiction.  *Pack*, 218 F.3d at 454.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this cause should be and is hereby dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

So ordered, this the 11th day of September, 2013.

 s/David Bramlette  
UNITED STATES DISTRICT JUDGE